UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:09CV89-J

ROBERT MELVIN LEE                                                  PLAINTIFF

VS.

MICHAEL J. ASTRUE,
       Commissioner of Social Security                                 DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Robert Melvin Lee ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be remanded for further proceedings.

## PROCEDURAL HISTORY

On December 1, 2005, Claimant filed application for disability insurance benefits and supplemental security income. After a hearing, Administrative Law Judge Don C. Paris ("ALJ") determined that claimant's degenerative disc disease of the lumbar spine with chronic pain, post traumatic arthritis of right shoulder, degenerative joint disease of right hip with chronic pain, and morbid obesity were severe impairments that prevented him from performing any of his past relevant work. The ALJ further found that he retained the residual functional capacity for jobs existing in significant numbers. This became the final decision of the Defendant on all applications when the Appeals Council denied review on June 5, 2009.

1

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ erred in failing to accord the proper weight to the opinions of treating physicians. Dr. Reinhart completed a Residual Functional Capacity questionnaire on June 29, 2006, opining that Mr. Lee could work a total of two hours in a workday, could never lift as much as ten pounds, and would miss more than six days of work each month as a result of his symptoms. Tr. 271-272. Dr. Qadir's July 12, 2007 answers on the same form stated that Mr. Lee could work zero hours in a work-day, could occasionally lift up to ten pounds, and would miss more than six days of work each month. Tr. 413-413A.

The ALJ considered Dr. Reinhart's assessment, but rejected it as "totally inconsistent with his own findings and treatment notes." Tr. 33. Similarly, the ALJ pointed to Dr. Qadir's treatment notes, which failed to support the level of restriction described. Tr. 34.

The courts have long held that the treating physician – especially one who has seen the patient over a period of time -- is in a unique position to evaluate the functional impact of an

impairment on her or his patient, and the law recognizes the importance of that point of view by according deference to the opinions of treating physicians. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court again confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

A treating physician's opinion, if uncontradicted, should be given complete deference. See, e.g., Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir.1992). A treating physician's opinion is entitled to controlling weight if the Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. S 404.1527(d)(2)(1999). "In all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for *controlling* weight. Rogers v. Commissioner of Social Security, 486 F.3d 234, 242 (6th Cir. 2007). In this case, the record includes substantial evidence supporting the ALJ's conclusion that the presumption of deference was rebutted.

On March 18, 2004, Dr. Reinhart urged Mr. Lee to increase his exercise, including the evening walking he was doing; Dr. Reinhart noted that radiological studies showed mild to moderate degenerative changes in the right hip, and normal films of the knees. Tr. 337. Two years later, in March of 2006, Dr. Reinhart recorded Mr. Lee's report that he was sticking with his diet and that

he was "feeling better." Tr. 331. On March 5, 2006, Mr. Lee's primary complaints appeared to concern anxiety and impatience, but Dr. Reinhart did record that the patient was being seen at the pain clinic for weight loss, which was "the key thing." Tr. 328. The notes of Mr. Lee's visit on June 29, 2006 – i.e., the day Dr. Reinhart completed his capacity assessment – mention osteoarthritis of hip and shoulder, but do not even mention back pain. Tr. 322.

Dr. Qadir's treatment notes reflect consistent efforts to get Mr. Lee moving. On November 14, 2006, Dr. Qadir expressed concern that his patient was taking pain medications from more than one physician; he also discussed "lifestyle modifications" with Mr. Lee. Tr. 396. On November 21, 2006, Dr. Qadir recorded that the "back pain is getting better," and that weight reduction was highly recommended. Tr. 395. December 19, 2006, office notes state that Mr. Lee's pain is controlled and that he walks without much difficulty. Tr. 394. On February 19, 2007, Dr. Qadir's office described the patient as "doing significantly better," and once again he was counseled to pursue "lifestyle modification." Tr. 391. On March 19, 2007, Dr. Qadir once more urged more activity: "Exercise program was highly recommended." Tr. 390.

As the ALJ identified valid reasons for rejecting the extreme residual functional capacity statements, and as those reasons are supported by substantial evidence of record, there was no legal error.

Plaintiff also contends that the ALJ should have accorded more weight to the report of Dr. El-Naggar, a neurosurgeon who saw Mr. Lee on one occasion and evaluated his back pain on January 16, 2006. He opined that even sedentary work could cause significant back pain, and he stated, "I do not believe that he can drive his truck." Tr. 239. Dr. El-Naggar noted that Mr. Lee walked without assistance, but that he was not able to complete the straight leg raise because he

4

developed severe low back pain. Tr. 240. Dr. El-Naggar did not recommend surgery for the moderate degenerative disc disease reflected at three levels in the lower lumbar region, and advised against heavy activity involving lifting or bending.

Dr. El-Naggar was not a treating physician; therefore, the heightened level of deference does not apply. The ALJ did examine the doctor's report as part of the medical evidence as a whole. Thus, the Court finds no error in the ALJ's treatment of this physician's report.[1]

Plaintiff argues that the ALJ erred in failing to treat Mr. Lee's anxiety and depression as "severe." The regulations provide that if the claimant's degree of limitation is none or mild, the Commissioner will conclude the impairment is not severe, "unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities." 20 C.F.R. § 404.1520a(d). The purpose of this second step of the sequential analysis is to enable the Commissioner to screen out "totally groundless claims." Farris v. Sec'y of HHS, 773 F.2d 85, 89 (6th Cir.1985).

The Sixth Circuit has construed the step two severity regulation as a " de minimis hurdle" in the disability determination process. Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir.1988). If an impairment has "more than a minimal effect" on the claimant's ability to do basic work activities, the ALJ is required to treat it as "severe." SSR 96-3p (July 2, 1996). The significance of finding an impairment "severe" or "non-severe" is whether the examination of the claimant's circumstances is taken to the next step in the sequential analysis. If *any* impairment is found severe, the analysis is taken to the next step, such that the mere failure to classify a second impairment severe is

---

[1] As remand is required for other reasons, the Court need not address whether the medical evidence that was not available to the ALJ and was offered to this Court is "new and material." It can be considered on remand along with the other evidence.

irrelevant, so long as the actual impact of that impairment is considered as part of the whole.

To the extent plaintiff argues that a finding that a particular impairment is not severe can in itself constitute reversible error, he is incorrect. In <u>Maziarz v. Secretary of Health & Human Services</u>, 837 F.2d 240, 244 (6th Cir. 1987), the Court established that there is no error in finding a particular impairment non-severe so long as the effect of that condition is considered in determining whether the claimant "retained sufficient residual functional capacity to allow him to perform substantial gainful activity."

In this case, the ALJ determined that Mr. Lee's depression did not cause "significant symptoms which have imposed more than a minimal limitation on his ability to work for a continuous period of at least twelve months." Tr. 28. The questions for this Court is whether the this determination is supported by substantial evidence, and whether the effect of Mr. Lee's mood disorder should have been considered in determining his ability to perform work activities.

On April 4, 2006, Dr. Maryman, a psychologist, performed an evaluation at the request of the Kentucky Department for Disability Determination. Dr. Maryman recorded the impression of "Major depression, single episode, moderate." He did not consider plaintiff "particularly well-suited" for dealing with the general public; he believed he would be able to adapt to the pressures associated with "a medium to lower stress work environment." Tr. 254. This accords with Mr. Lee's own testimony that he has difficulty being around people because of his rapid mood swings and his tendency to anger. Tr. 460-461.

The need for a low to medium stress work environment and avoiding dealing with the general public would appear to represent "more than minimal" effect on ability to perform work related functions, but these limitations were not addressed in the decision, nor were they presented

to the vocational expert; thus, the record does not include substantial evidence to support the ALJ's conclusion that the Mr. Lee's mood disorder need not be included in evaluating his ability to do work. This necessitates remand for consideration of this matter.

An order in conformity has this day entered.